PATRICK B. McDONNELL, Appellant, *v.* ALBERT J. GLASCOTT, Respondent.

First Department, May 5, 1939.

*Travers E. Devlin* of counsel [*S. Bertram Friedman* with him on the brief], for the appellant.

*Joseph A. Shields*, for the respondent.

PER CURIAM. Defendant admitted that the partnership funds were all kept in one account in his name in the Corn Exchange Bank and that he mingled in that account his own funds with the partnership funds. The bank statements indicating deposits of $33,500 in this account during a part of the time that the parties were partners were wholly unexplained and unaccounted for by defendant on the trial. It was also proved that plaintiff had made a substantial investment in the business, which was never repaid. The discrepancy between defendant's testimony and the admitted partnership account is too great to permit it to go unexplained, and it was error to deny plaintiff the right to an accounting.

The judgment should be reversed, with costs, and an interlocutory decree entered directing an account by defendant of all copartnership transactions.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, DORE and CALLAHAN, JJ.

Judgment unanimously reversed, with costs, and an interlocutory decree directed to be entered for an account by defendant of all copartnership transactions. The findings inconsistent with this determination should be reversed and such new findings made of facts proved on the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.